JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Ronda Dwight

**(b)** County of Residence of First Listed Plaintiff  Cumberland County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Lauren C. Bateman, Esq., Console Mattiacci Law,
110 Marter Ave., Suite 502; Moorestown, NJ 08057
856-854-4000

## DEFENDANTS

Lassonde Industries, Inc.
Lassonde Pappas and Co., Inc.

County of Residence of First Listed Defendant  Camden County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Overpayment & Enforcement of Judgment<br>[ ] 151 Medicare Act<br>[ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>[ ] 153 Recovery of Overpayment of Veteran's Benefits<br>[ ] 160 Stockholders' Suits<br>[ ] 190 Other Contract<br>[ ] 195 Contract Product Liability<br>[ ] 196 Franchise | **PERSONAL INJURY**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault, Libel & Slander<br>[ ] 330 Federal Employers' Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[ ] 360 Other Personal Injury<br>[ ] 362 Personal Injury - Medical Malpractice<br>**PERSONAL INJURY**<br>[ ] 365 Personal Injury - Product Liability<br>[ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>[ ] 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881<br>[ ] 690 Other | [ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[ ] 835 Patent - Abbreviated New Drug Application<br>[ ] 840 Trademark<br>[ ] 880 Defend Trade Secrets Act of 2016<br>**SOCIAL SECURITY**<br>[ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g)) | [ ] 375 False Claims Act<br>[ ] 376 Qui Tam (31 USC 3729(a))<br>[ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks and Banking<br>[ ] 450 Commerce<br>[ ] 460 Deportation<br>[ ] 470 Racketeer Influenced and Corrupt Organizations<br>[ ] 480 Consumer Credit (15 USC 1681 or 1692)<br>[ ] 485 Telephone Consumer Protection Act<br>[ ] 490 Cable/Sat TV<br>[ ] 850 Securities/Commodities/ Exchange<br>[ ] 890 Other Statutory Actions<br>[ ] 891 Agricultural Acts<br>[ ] 893 Environmental Matters<br>[ ] 895 Freedom of Information Act<br>[ ] 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | |
| [ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property | [ ] 440 Other Civil Rights<br>[ ] 441 Voting<br>[x] 442 Employment<br>[ ] 443 Housing/ Accommodations<br>[ ] 445 Amer. w/Disabilities - Employment<br>[ ] 446 Amer. w/Disabilities - Other<br>[ ] 448 Education | **Habeas Corpus:**<br>[ ] 463 Alien Detainee<br>[ ] 510 Motions to Vacate Sentence<br>[ ] 530 General<br>[ ] 535 Death Penalty<br>**Other:**<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition<br>[ ] 560 Civil Detainee - Conditions of Confinement | [ ] 710 Fair Labor Standards Act<br>[ ] 720 Labor/Management Relations<br>[ ] 740 Railway Labor Act<br>[ ] 751 Family and Medical Leave Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Employee Retirement Income Security Act<br>**IMMIGRATION**<br>[ ] 462 Naturalization Application<br>[ ] 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>[ ] 870 Taxes (U.S. Plaintiff or Defendant)<br>[ ] 871 IRS—Third Party 26 USC 7609<br>[ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>[ ] 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §12101, et seq.; 29 U.S.C. §623, et seq.; 29 U.S.C. §2601, et seq.; N.J.S.A. § 10:5-1, et seq.

Brief description of cause:
Plaintiff was discriminated against and retaliated because of her age and disabilities.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ in excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:  [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE
6/21/2024

SIGNATURE OF ATTORNEY OF RECORD
*Lauren C. Bateman*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **RONDA DWIGHT**<br>**Vineland, NJ 08360** : | **CIVIL ACTION NO.** |
| : | |
| **Plaintiff** : | |
| : | |
| v. : | |
| : | |
| **LASSONDE INDUSTRIES, INC.** : | **JURY TRIAL DEMANDED** |
| **3 Executive Campus, Suite 200** : | |
| **Cherry Hill, NJ 08002** : | |
| : | |
| **and** : | |
| : | |
| **LASSONDE PAPPAS AND CO., INC.** : | |
| **3 Executive Campus, Suite 200** : | |
| **Cherry Hill, NJ 08002** : | |
| : | |
| **Defendants.** : | |

**CIVIL ACTION COMPLAINT**

**I.     INTRODUCTION**

Ronda Dwight ("Plaintiff") brings this action against her former employer, Lassonde Industries, Inc. and Lassonde Pappas and Co., Inc. (collectively, "Defendants"). Defendants discriminated against Plaintiff, including by failing to promote her, because of her age (61) and disability(ies), and further discriminated and retaliated against her by way of terminating her employment after nearly two (2) years of service while she was on a medical leave of absence for her disability(ies). Plaintiff now brings her claims pursuant to the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"), the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), the Family Medical Leave Act, 29 U.S.C. §2601, *et seq.* ("FMLA"); and the New Jersey Law Against Discrimination, as amended, N.J.S.A. 10:5-1, *et*

*seq*. ("NJLAD"). Plaintiff seeks all damages allowable by law, including back-pay, front-pay, compensatory damages, punitive damages, liquidated damages, attorneys' fees and costs, and all other relief that this Court deems appropriate.

## II. PARTIES

1. Plaintiff, Ronda Dwight, is an individual and resident of the State of New Jersey, residing therein in Vineland, NJ.

2. Plaintiff was born in September 1962.

3. Defendant Lassonde Industries, Inc. is a Canadian agri-food company with a principal place of business in Cherry Hill, New Jersey.

4. Defendant Lassonde Pappas and Co., Inc. is a New Jersey corporation and has a principal place of business in Cherry Hill, New Jersey.

5. Defendant Lassonde Pappas and Co., Inc. is a subsidiary of Defendant Lassonde Industries, Inc.

6. Defendants are engaged in an industry affecting interstate commerce and regularly do business in the State of New Jersey.

7. At all times material hereto, Defendants have had integrated operations, have had shared ownership, have had common management, and have had centralized control of their employment matters.

8. At all times material hereto, Defendants have acted as a single employer, joint employers, and/or alter egos.

9. The operations of Defendants are substantively consolidated.

10.    At all times material hereto, Defendants acted by and through their authorized agents, servants, workmen, and/or employees within the course and scope of their employment with Defendants and in furtherance of Defendants' businesses.

11.    At all times material hereto, Defendant Lassonde Pappas and Co., Inc. employed more than fifty (50) individuals.

12.    At all times material hereto, Defendants acted as "employers" within the meaning of the statutes which form the basis of this matter.

13.    At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the statutes which form the basis of this matter.

14.    At all relevant times, Plaintiff worked for Defendants out of their offices in New Jersey or from her home in New Jersey.

## III.    JURISDICTION AND VENUE

15.    The causes of action which form the basis of this matter arise under ADA, ADEA, FMLA, and the NJLAD.

16.    The District Court has subject matter jurisdiction over Counts I-III (ADA, ADEA, and FMLA) pursuant to 28 U.S.C. § 1331.

17.    The District Court has supplemental jurisdiction over Count IV (NJLAD) pursuant to 28 U.S.C. § 1367.

18.    Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to these claims occurred within this District.

19.    On or about November 30, 2023, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of the various acts of discrimination and retaliation set forth herein.  Attached hereto, incorporated herein, and marked

3

as Exhibit "1" is true and correct copy of the Charge of Discrimination (with minor redactions for purposes of electronic filing of confidential/identifying information).

20.    On or about March 26, 2024, the EEOC issued to Plaintiff a Notice of Right to Sue for the above-referenced Charge. Attached hereto and marked as Exhibit "2" is a true and correct copy of the Notice (with personal identifying information redacted).

21.    Plaintiff has fully complied with all administrative pre-requisites for the commencement of this action.

## IV.    FACTUAL ALLEGATIONS

22.    Plaintiff began working at Defendants on or about November 15, 2021.

23.    Plaintiff last held the position of Human Resources Manager.

24.    Plaintiff consistently performed her job duties in a highly competent manner.

25.    Plaintiff last reported to Brenda Fields (50),[1] Senior Human Resources Manager.

26.    Fields reported to Pamela Drury (35), Senior Director of Human Resources.

27.    Drury reported to Amanda Burna (45), Chief Executive Officer.

28.     Before reporting to Fields, Plaintiff reported to Shari Ramirez (47), Senior Human Resources Manager.

29.     In January 2023, Plaintiff received a "Meets Expectations" performance review rating.

30.     On September 25, 2023, in an email from Ramirez, she stated the following: "There has been a grievance filed against the NJ HR Team. Specifically Ronda Dwight and Theresa Semon [(49), Human Resources Generalist, and Plaintiff's direct report]."

31.    Ramirez provided no details about the grievance and stated that Plaintiff and Semon

---

[1] All references herein to a person's age are to the best of Plaintiff's knowledge and belief.

would be interviewed after other employees were interviewed in connection with the grievance.

32.     In late September 2023, following the above, Ramirez and Drury told Plaintiff not to worry about the grievance, and that Plaintiff would have the opportunity to be interviewed and present her side of the story.

33.     Plaintiff received no further communication about the grievance, the interviews, or the investigation.

34.     On September 29, 2023, Defendants failed to promote Plaintiff to Senior Human Resources Manager.

35.     Instead of promoting Plaintiff, Defendants selected Fields (50), an external candidate, for the role.

36.     Plaintiff had no opportunity to apply for the position because the position was not posted.

37.     If the position had been posted, Plaintiff would have applied for the position.

38.     Plaintiff was more qualified for the Senior Human Resources Manager position than the substantially younger employee who was selected instead of Plaintiff.

39.     Defendants failed to promote Plaintiff to the Senior Human Resources Manager position because of her age.

40.     On October 2, 2023, Plaintiff's doctor placed her on a medical leave of absence, effective October 4, 2023, in connection with her depression and anxiety diagnoses.

41.     On October 2, 2023, following the above, in a phone call with Ramirez, Plaintiff stated that she would be going out on a medical leave of absence, effective October 4, 2023.

42.     During the call, Plaintiff explained that she was going out of work on a medical leave of absence due to her anxiety and depression diagnoses.

5

43.     On October 2, 2023, Plaintiff began reporting to Fields.

44.     Plaintiff was the oldest employee reporting to Fields.

45.     Plaintiff was the only disabled employee reporting to Fields.[2]

46.     Plaintiff was the only employee reporting to Fields who had sought reasonable accommodations for a disability.

47.     On October 3, 2023, in a meeting with Drury, Plaintiff stated that she would be going out on a medical leave of absence, effective October 4, 2023.

48.     Plaintiff explained during the meeting that she was going out of work on a medical leave of absence per her doctor's recommendation.

49.     On October 4, 2023, Plaintiff went out of work on an FMLA-protected medical leave of absence, due to her anxiety and depression diagnoses.

50.      On October 4, 2023, Plaintiff's doctor submitted her medical documentation and doctor's note to Defendants.

51.     Plaintiff was scheduled to return to work on November 20, 2023.

52.     On October 19, 2023, in a phone call with Drury and Fields, while Plaintiff was out of work on an FMLA-protected medical leave of absence, Defendants terminated her employment, effective immediately.

53.     The stated reason for Plaintiff's termination was the grievance filed against her.

54.     Plaintiff responded that she was on FMLA leave and that she had not been interviewed about the grievance.

55.     Drury did not attempt to explain to Plaintiff how her termination was not a clear violation of her FMLA rights.

---

[2] All references herein to a person's disability status are to the best of Plaintiff's knowledge and belief.

56.     Plaintiff had not been interviewed regarding the grievance or provided any details about it to Defendants at the time of her termination.

57.     At the time of her termination, the following employees, in addition to Plaintiff, reported to Fields:

   a.   Estrada Ambrocia (25), Human Resources Coordinator;

   b.   Monique Turner (45), Human Resources Manager;

   c.   Yahira Placenia (45), Human Resources Manager.

58.     Plaintiff was more qualified for each of these employees' positions.

59.     At the time of her termination, Defendants had a recorded history of Plaintiff's disability(ies).

60.     At the time of her termination, Defendants regarded Plaintiff as disabled.

61.     Defendants terminated Plaintiff's employment because of her age and/or her disability(ies) and/or her seeking reasonable accommodations for her disability(ies), including her taking a medical leave of absence.

62.     Defendants retained less qualified, younger, and/or nondisabled employees who had not sought reasonable accommodations for a disability in positions for which Plaintiff was more qualified.

63.     Defendants assigned Plaintiff's job duties and responsibilities to younger, nondisabled employees who had not sought reasonable accommodations for a disability.

64.     Plaintiff was more qualified to perform her job duties and responsibilities than the younger, nondisabled employees who had not sought reasonable accommodations for a disability to whom her job duties and responsibilities were assigned.

65.     Plaintiff had no performance or disciplinary issues throughout her employment

7

with Defendants.

66.     Plaintiff was never placed on any progressive discipline before being terminated.

67.     Defendants did not target or treat in the same way similarly situated younger and/or nondisabled employees and/or employees who had not sought reasonable accommodations for a disability.

68.     At all times material hereto, Plaintiff was able to perform the essential functions of her job with or without a reasonable accommodation.

69.     Defendants acted with malice, reckless indifference, and/or deliberate indifference to Plaintiff's protected rights.

70.     Defendants age and/or disability discriminatory and retaliatory conduct toward Plaintiff has caused her emotional distress.

71.     As a direct and proximate result of the discriminatory and retaliatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

72.     Defendants recently terminated and/or pushed out other older and/or disabled employees besides Plaintiff.

### COUNT I – ADA

73.     Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

74.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants have violated the ADA.

75.     Defendants acted intentionally, and with malice and/or reckless indifference to Plaintiff's rights, and their conduct warrants the imposition of punitive damages.

76.     As a direct and proximate result of Defendants' violation of the ADA, Plaintiff has suffered the injuries, damages, and losses set forth herein.

77.     Plaintiff is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

78.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

79.     No previous application has been made for the relief requested herein.

## COUNT II – ADEA

80.     Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

81.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants have violated the ADEA.

82.     Said violations were willful and warrant the imposition of liquidated damages.

83.     As a direct and proximate result of Defendants' violation of the ADEA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

84.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

85.     No previous application has been made for the relief requested herein.

## COUNT III – FMLA

9

86.     Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

87.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants have violated the FMLA.

88.     Plaintiff's exercise of her FMLA rights was considered as a negative factor, and was a motivating factor in Defendants' conduct toward Plaintiff.

89.     Defendants' conduct was retaliatory.

90.     Said violations were willful, not in good faith, and Defendants did not have reasonable grounds to believe that the foregoing acts were not in violation of the FMLA.

91.     Defendants' violations of the FMLA warrant the imposition of liquidated damages.

92.     As a direct and proximate result of Defendants' violation of the FMLA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

93.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

94.     No previous application has been made for the relief requested herein.

**COUNT IV – NJLAD**

95.     Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

96.     Defendants, by the above-described discriminatory and retaliatory acts, have violated the NJLAD.

97.     Members of Defendants' upper management had actual participation in, or willful indifference to, Defendants' wrongful and especially egregious conduct described herein, and their

10

conduct warrants the imposition of punitive damages against Defendants.

98.     As a direct and proximate result of Defendants' discriminatory and retaliatory conduct, Plaintiff has sustained the injuries, damages, and losses set forth herein, and has incurred attorney's fees and costs.

99.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory, retaliatory, and unlawful acts unless and until this Court grants the relief requested herein.

100.    No previous application has been made for the relief requested herein.

## **RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief by:

a)      declaring the acts and practices complained of herein to be in violation of the ADA;

b)      declaring the acts and practices complained of herein to be in violation of the ADEA;

c)      declaring the acts and practices complained of herein to be in violation of the FMLA;

d)      declaring the acts and practices complained of herein to be in violation of the NJLAD;

e)      enjoining and restraining permanently the violations alleged herein;

f)      entering judgment against Defendants and in favor of Plaintiff in an amount to be determined;

g)      awarding compensatory damages to make Plaintiff whole for the past and future economic losses that she has suffered;

11

h)      awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

i)      awarding punitive damages to Plaintiff;

j)      awarding liquidated damages to Plaintiff;

k)      awarding Plaintiff other such damages as are appropriate under the ADA, the ADEA, the FMLA, and the NJLAD;

l)      awarding Plaintiff the costs of this action, including expert fees and other disbursements, together with reasonable attorneys' fees; and

m)      granting such other and further relief as this Court may deem just, proper, or equitable, including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE MATTIACCI LAW, LLC**

Dated: June 20, 2024          BY:    _Lauren C. Bateman_
                                     Lauren C. Bateman, Esq.
                                     110 Marter Avenue, Suite 502
                                     Moorestown, NJ 08057
                                     Telephone: (856)-854-4000
                                     bateman@consolelaw.com

                                     *Attorney for Plaintiff*

12

# Exhibit "1"

| CHARGE OF DISCRIMINATION | AGENCY<br>Q  FEPA<br>X  EEOC | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | | |

| STATE OR LOCAL AGENCY: | | |
|---|---|---|

| NAME (Indicate Mr., **Ms.**, Mrs.)<br>**Ronda Dwight** | HOME TELEPHONE NUMBER *(Include Area Code)*<br>██████████ | |
|---|---|---|
| STREET ADDRESS ██████ | CITY, STATE AND ZIP<br>Vineland, NJ 08360 | DATE OF BIRTH ████████ |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>**Lassonde Pappas and Co., Inc.** | NUMBER OF EMPLOYEES, MEMBERS<br>> 100 | TELEPHONE (Include Area Code)<br>(800) 257-7019 |
|---|---|---|
| STREET ADDRESS<br>3 Executive Campus, Suite 200 | CITY, STATE AND ZIP<br>Cherry Hill, NJ 08002 | COUNTY<br>Camden |

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>Q Race   Q Color   Q Sex   Q Religion   Q National Origin<br>X Retaliation   X Age   X Disability   Q Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br><br>*Earliest*          *Latest*  10/19/2023 |
|---|---|

**The Particulars Are:**

A.    1.    Relevant Work History

I began working at Respondent on or about November 15, 2021. I last held the position of Human Resources Manager. I last reported to Brenda Fields (50[a]), Senior Human Resources Manager. Fields reported to Pamela Drury (35), Senior Director of Human Resources. Drury reported to Amanda Burns (45), Chief Executive Officer.

Respondent failed to promote me because of my age and terminated my employment because of my age and/or my disability and/or my seeking reasonable accommodations for a disability, including a medical leave of absence. Respondent assigned my job duties and responsibilities to, and retained in positions for which I was more qualified, younger and/or nondisabled employees and/or employees who had not sought reasonable accommodations for a disability, including a medical leave of absence.[b]

I consistently demonstrated positive performance and dedication to Respondent. I performed my duties in a highly competent manner and received positive feedback.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br><br>I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct. | |
| Date:<br><br>11/30/2023<br><br>Charging Party *(Signature)*:<br>*[signature]* | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

---

[a] References herein to a person's age are all to the best of my knowledge.
[b] References herein to a person not having a disability or having sought reasonable accommodations for a disability are all to the best of my knowledge.

**EEOC Charge of Discrimination**
**Initials of Charging Party –** *(handwritten initials)*

2.    Harm Summary

I have been discriminated against because of my age (61) and my disability (including history of and regarded as) and retaliated against for seeking reasonable accommodations for my disability. Evidence of the discriminatory and retaliatory conduct to which I have been subjected includes, but is not limited to, the following.

(a) Before reporting to Fields, I reported to Shari Ramirez (47), Senior Human Resources Manager.

(b) In January 2023, I received a Meets Expectations performance review rating.

(c) On September 25, 2023, in an email from Ramirez, she stated the following: "There has been a grievance filed against the NJ HR Team. Specifically Ronda Dwight and Theresa Semon [(49), Human Resources Generalist, my direct report]." She provided no details about the grievance and stated that Semon and I would be interviewed after other employees were interviewed in connection with the grievance.

(d) In late September 2023, following the above, Ramirez and Drury told me not to worry about the grievance, and that I would have the opportunity to be interviewed and present my side of the story.

(e) I received no further communication about the grievance, the interviews, or the investigation.

(f) On September 29, 2023, Respondent failed to promote me to Senior Human Resources Manager. Instead of promoting me, Respondent selected Fields (50), an external candidate. I had no opportunity to apply for the position because the position was not posted. If the position had been posted, I would have applied for the position. I was more qualified for the Senior Human Resources Manager position than the substantially younger employee who was selected instead of me.

(g) Respondent failed to promote me to the Senior Human Resources Manager position because of my age.

(h) On October 2, 2023, my doctor placed me on a medical leave of absence, effective October 4, 2023, in connection with my depression and anxiety diagnoses.

(i) On October 2, 2023, following the above, in a phone call with Ramirez, I stated that I would be going out on a medical leave of absence, effective October 4, 2023. I explained that I was going out of work on a medical leave of absence due to my anxiety and depression diagnoses.

(j) On October 2, 2023, I began reporting to Fields.

(k) I was the oldest employee reporting to Fields.

(l) I was the only disabled employee reporting to Fields.

(m) I was the only employee reporting to Fields who had sought reasonable accommodations for a disability.

(n) On October 3, 2023, in a meeting with Drury, I stated that I would be going out on a medical leave of absence, effective October 4, 2023. I explained that I was going out of work on a medical leave of absence per my doctor's recommendation.

(o) On October 4, 2023, I went out of work on an FMLA-protected medical leave of

2

**EEOC Charge of Discrimination**
**Initials of Charging Party –** _KD_

absence, due to my anxiety and depression diagnoses.

(p) On October 4, 2023, my doctor submitted my medical documentation and doctor's note to Respondent.

(q) I was scheduled to return to work on November 20, 2023.

(r) On October 19, 2023, in a phone call with Drury and Fields, while I was out of work on an FMLA-protected medical leave of absence, Respondent terminated my employment, effective immediately. The stated reason was the grievance filed against me. I stated that I was on FMLA leave and I had not been interviewed about the grievance. Drury did not attempt to explain how my termination was not a clear violation of my FMLA rights.

(s) I had not been interviewed regarding the grievance or provided any details about it.

(t) At the time of my termination, the following employees, in addition to me, reported to Fields. I was more qualified for each of these employees' positions.

    i.    Estrada Ambrocia (25), Human Resources Coordinator;
    ii.   Monique Turner (45), Human Resources Manager;
    iii.  Yahira Placenia (45), Human Resources Manager.

(u) Respondent terminated my employment because of my age and/or my disability and/or my seeking reasonable accommodations for my disability, including a medical leave of absence.

(v) Respondent retained less qualified, younger and/or nondisabled employees who had not sought reasonable accommodations for a disability in positions for which I was more qualified.

(w) Respondent assigned my job duties and responsibilities to younger, nondisabled employees who had not sought reasonable accommodations for a disability. I was more qualified to perform my job duties and responsibilities than the younger, nondisabled employees who had not sought reasonable accommodations for a disability to whom my job duties and responsibilities were assigned.

(x) I had no performance or disciplinary issues throughout my employment with Respondent.

(y) Respondent recently terminated and/or pushed out other older and/or disabled employees.

(z) Respondent's age and disability discriminatory and retaliatory conduct toward me has caused me emotional distress.

(aa) Respondent did not target or treat in the same way similarly situated younger and/or nondisabled employees and/or employees who had not sought reasonable accommodations for a disability.

B.    1.    Respondent's Stated Reasons

    (a)    Respondent's stated reasons for terminating my employment are pretext for age and/or disability discrimination and/or retaliation for my seeking reasonable accommodations for my disability, including a medical leave of absence.

3

**EEOC Charge of Discrimination**
**Initials of Charging Party –**   *CW*

(b)     Respondent offered no explanation for failing to promote me.

C.   1.     Statutes and Bases for Allegations

Respondent has discriminated against me based on my age (61) and my disability (including history of and regarded as) and retaliated against me based on my seeking reasonable accommodations for my disability, in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"), the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), and the New Jersey Law Against Discrimination, as amended, N.J.S.A. § 10:5-1, *et seq.* ("NJLAD"), as set forth herein.

# Exhibit "2"

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website:  www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 03/26/2024

**To:** Ronda Dwight

██████████
Vineland, NJ 08360
Charge No: 530-2024-01758

EEOC    Representative    and
telephone number:

Legal Unit
(267) 589-9707

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 530-2024-01758.

On behalf of the Commission,

Digitally Signed By: Karen McDonough
03/26/2024

Karen McDonough
Deputy District Director